1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
9   Adam Bustos Ramos,                        No. CV-10-542-TUC-FRZ(BPV)

10                    Petitioner,             **REPORT AND**
                                              **RECOMMENDATION**
11  vs.

12  Charles L. Ryan, Director, ADOC, et al., ,

13                    Respondents.

14          On September 8, 2010, Adam Bustos Ramos (Petitioner), presently confined in the

15  Arizona State Prison – Phoenix, filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ

16  of Habeas Corpus (Petition). (Doc. 1) The State answered the petition on December 17,

17  2010 (Doc. 10), and Petitioner replied February 7, 2011. (Doc. 11)

18
19          Pursuant to the Rules of Practice of this Court, this matter was referred to

20  Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.  (Doc. 4)

21          For the reasons discussed below, the Magistrate Judge recommends that the

22
23  District Court enter an order DISMISSING the Petition.

24  **I.  Procedural History**

25          **A.  Trial Court Proceedings**

26
27          On October 27, 2005, Petitioner was indicted on one count of aggravated driving

28  under the influence while license is suspended, revoked or in violation of a restriction,

and one count of aggravated driving with an alcohol concentration of .08 or more while license is suspended, revoked or in violation of a restriction. (*See* Doc. 10, Ex. F) Ramos was convicted of the charges in February 2007, after a two-day jury trial from which he was absent. *Id*. After his subsequent arrest, Petitioner filed a motion for a new trial on April 1, 2008, on the ground that his absence from trial was not voluntary. *See id*. He claimed that his absence was caused by deportation to Mexico, despite being a U.S. citizen. (*See* Doc. 10, Ex. A) The trial court denied his motion after an evidentiary hearing, and thereafter entered its judgment of conviction and sentenced Petitioner to two concurrent ten-year sentences. (See Doc. 10, Ex. E)

**B. Appeal**

Petitioner, represented by an Assistant Legal Defender in the Pima County Legal Defender's office, filed an appeal raising one issue: (1) The trial court erred by denying Petitioner's motion for new trial. (Doc 10, Ex. L) The Arizona Court of Appeals dismissed the appeal for lack of jurisdiction. (Doc. 10, Ex. A) The appellate court noted that, in fact, Petitioner had actually presented to the trial court a motion to vacate the judgment, pursuant to Ariz.R.Crim.P. 24.2, (which allows a court to vacate judgment upon motion filed at any time after entry of judgment and sentence until 60 days have elapsed or the defendant's appeal has been perfected), but had filed his motion, and the trial court ruled on it, before the judgment of conviction and sentence had been entered, rendering the motion premature. (Doc. 10, Ex.A)

The appellate court also found the motion for new trial untimely pursuant to

Ariz.R.Crim.P. 24.1(b) (which requires the motion be filed no later than ten days after a verdict).  *Id*. Petitioner's motion was brought fourteen months after his jury had returned its verdicts. *Id*.

The appellate court held that "[b]ecause there is no valid trial court ruling on either a motion for a new trial or a motion to vacate judgment from which Ramos can appeal, we dismiss the appeal for lack of jurisdiction."  (Doc. 10, Ex. A, p.4)

Petitioner filed a petition for review to the Arizona Supreme Court, (doc. 10, Ex. B), which was withdrawn by the Clerk of Court and returned to Petitioner, noting that the mandate had already issued in the case. (Doc. 10, Ex. C)

**C. Petition for Post-Conviction Relief**

Petitioner, represented by a Deputy Public Defender in the Pima County Public Defender's office, filed a timely notice (Doc. 10, Ex. D) and petition for post-conviction relief (PCR) raising two grounds for relief: (1) the imposition of presumptive sentences was an abuse of discretion in light of the substantial mitigating factors and the fact that Petitioner's prior conviction was already a factor in the enhanced sentencing equation; and (2) ineffective assistance of appellate counsel through appellate counsel's failure to raise sentencing issues as cause for failure to raise the sentencing issue on appeal.  (Doc. 10, Ex. E) The trial court addressed and denied his petition on its merits, finding no sentencing error, and no ineffectiveness. (Doc. 10, Ex. F) Petitioner filed a *pro per* petition for review, (doc. 10, Ex. G), which he later withdrew, (doc. 10, Ex. H), and represented by the same Deputy Defender, filed a petition for review from the trial

court's decision raising one ground for relief: (1) whether the trial court abused its discretion in imposing presumptive sentences in light of the substantial mitigating factors and the fact that Petitioner's prior conviction was already a factor in the enhanced sentencing equation. (Doc. 10, Ex. I) On February 5, 2010, the Arizona Court of Appeals granted review, but denied relief, finding the issue precluded under Ariz.R.Crim.P. 32.2(a), as Petitioner could have raised the issue on direct appeal, and Petitioner had not alleged any of the exceptions to preclusion contained in Rule 32.2(b). (Doc. 10, Ex. J)

### D. Federal Habeas Petition

On September 8, 2010, Petitioner filed the instant habeas petition, raising three grounds for relief: (1) Petitioner was denied the right to be present at trial, in violation of the Fifth, Eighth, and Fourteenth Amendments; (2) The trial court failed to consider mitigating factors during sentencing, in violation of Petitioner's Fifth and Fourteenth Amendment due process rights; and (3) Petitioner was denied effective assistance of appellate counsel, in violation of the Sixth Amendment. (Doc. 1)

## II. Standard

### A. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Statute of Limitations

A one year period of limitation shall apply to an application for writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

### C. Cognizable Federal Claim

A violation of state law is not grounds for habeas relief. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions;" a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). This Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a).

### D. Exhaustion of State Remedies

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, which means he must have presented in state court every claim raised in his federal habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner in a federal habeas action must exhaust his federal claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984). Exhaustion of state remedies is required in order to

give the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999).

To meet the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Baldwin*, 541 U.S. at 29; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir.2001). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365-366. A petitioner must present both the operative facts and the federal legal theory on which the claim is based, *see Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143 1149 (9th Cir.2007)), "broad constitutional principles, such as due process, equal protection, and the right to a fair trial" in state court pleadings are not sufficient to establish that a federal constitutional claim was fairly presented to the state courts. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)(internal citations omitted). A

petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case law, *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000) as amended by 247 F.3d 904 (9th Cir. 2001), or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (*en banc*).

### i. Procedural Default

A habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). This situation is referred to as "procedural bar" or "procedural default." *See Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-805 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir.2002). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman,* 501 U.S. at 735 n.1; *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir.2007) (*en banc*) This is often referred to as "technical"

exhaustion, because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy.

### ii. Cause and Prejudice/ Fundamental Miscarriage

If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or demonstrates that a fundamental miscarriage of justice would result. *Coleman,* 501 U.S. at 750; *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992).

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence," *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

### III.   Analysis

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). Respondents do not contest the timeliness of the habeas petition. Based on a review of the record, the Court finds that the petition is timely under 28 U.S.C. § 2244(d)(1)(A).

Petitioner seeks relief on three grounds: 1) The trial was held in violation of his Constitutional right to be present; 2) the sentence he received was in violation of his Constitutional right to Due Process; and 3) he received ineffective assistance of counsel in his post-conviction proceedings. (Doc. 1, ¶. 6-8) In his reply, Petitioner also raises two new claims for the first time: violations of his rights under the Equal Protection Clause of the 14th Amendment by Pima County prosecutors and Sherriff's officers (Doc. 11, pp. 3-4) as well as violations of his rights under the 5th, 6th, and 14th Amendments by the Immigration and Naturalization Service. (Doc. 11, pp. 4-6)

**A. Ground One**

The first ground upon which Petitioner seeks relief is that the trial was held in violation of his Constitutional right to be present. (Doc. 1, p. 6) Petitioner raised Ground One to the court of appeals by arguing that the trial court had improperly denied his motion for new trial alleging he was involuntarily absent, however, the court of appeals held that the trial court had no jurisdiction to rule on the motion for new trial because it was either untimely or prematurely raised, and dismissed the appeal for lack of jurisdiction. (Answer, Ex. A)

The decisions rendered by the Arizona Court of Appeals regarding state rules of procedure will not be disturbed by this court because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. The Ninth Circuit has set forth a burden shifting analysis to determine the adequacy of a state procedural bar. *Bennett v. Mueller,* 322 F.3d 573, 585-86 (9th Cir. 2003). Once the government has pled "the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Id*. at 586. The petitioner "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* The burden then shifts back to the government, which bears "the ultimate burden of proving the adequacy" of the relied-upon ground. *Id.* This state procedural bar to review now prohibits this Court from review because the "state law determination [ ] is sufficient to support the judgment, [and] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Coleman,* 501 U.S. at 728.

In Arizona, the procedural rules governing post-trial motions "are independent state law ground[s] and an adequate bar to federal review of a claim." *See e.g. Hollie v. Sternes*, 2009 WL 3241756 (D. Ariz. 2009). Thus, federal habeas review of Ground One is barred unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the default.

Although the state rules barring Petitioner's claim from review are independent and adequate bases for dismissal of Ground One, this court may still review his petition if the Petitioner can show a legitimate cause for his default as well as resultant prejudice from the federal law violation. *Coleman*, 501 U.S. at 750. The first prong of this test, cause, is shown by demonstrating some "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Carrier*, 477 U.S. at 488. On Ground One, Petitioner claims that he was absent from his trial involuntarily because he was deported to Mexico before it began. (Doc. 1, p. 6) The trial court held an evidentiary hearing on his motion for new trial, though ultimately found the claim incredible noting a lack of evidence in support of Petitioner's claim. (*See* Doc. 10, Ex. J) On appeal, however, the Arizona Court of Appeals declined to reach the merits, dismissing the claim for lack of jurisdiction. (Doc. 10, Ex. A) Assuming Petitioner's allegations as true, that his deportation was the cause for his untimely motion for a new trial, his absence cannot be cited as cause for his failure to file a motion to vacate the judgment, which the appellate court noted was filed prematurely, after Petitioner was present in the United States and had been arrested, but prior to sentencing. (See Doc. 10 , Ex. A) It was his failure to file a procedurally proper motion that was the ultimate cause of his preclusion from contesting the trial conducted in his absence, not his alleged deportation.

Petitioner further claims that preclusion of his motion under Rule 24.2 was a result of ineffective assistance of counsel, specifically that his attorney did not refile the motion

when it was timely (after sentencing) and did not tell Petitioner what he had to do to timely file on his own behalf. (*See* Doc. 11, pp. 6-7) When a federal habeas petitioner claims that he has been procedurally barred from raising a claim in state court because of ineffective assistance of counsel, he must first have raised the ineffective assistance issue as a separate claim in state court for a federal habeas court to determine it constitutes cause. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Although Petitioner raised a claim of ineffective assistance of counsel at the state level in his PCR, it was in regard to counsel failing to appeal his sentencing, not his motion for a new trial. (Doc. 10, Ex. E) Having failed to raise the specific issue at the state level, Petitioner raises it for the first time in his Reply. (Doc. 11, p. 7) Without having raised the claim at the state level, it cannot be used to establish cause in this court. *See Edwards*, 529 U.S. at 451-52. Because Petitioner has not established cause, this court needs not address prejudice. *See Thomas*, 945 F.2d at 1123 n. 19. Petitioner also fails to establish that failure to consider his claims would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. at 327. Accordingly, Ground One is procedurally defaulted and barred from review.

Because Petitioner presents no cause for the default nor has he demonstrated that a fundamental miscarriage of justice would occur if federal review of this claim is barred, the Magistrate Judge recommends that the District Court, after its independent review, dismiss this claim.

**B.    Ground Two**

The second ground upon which Petitioner seeks relief is that the sentence he

received violated his right to Due Process under the 5th and 14th Amendments to the United States Constitution. (Doc. 1, p. 7)  Petitioner contends that the trial court did not properly consider mitigating factors; instead the trial court "aggravated an already enhanced sentence."

Petitioner's allegation is factually inaccurate.  Petitioner did not receive an aggravated sentence; rather, he received a presumptive sentence on both counts.  (Doc. 10, Ex. K)  Nonetheless, to the extent Petitioner urges this Court to find that his due process rights were violated by the trial court's failure to consider mitigating factors, this claim has been procedurally defaulted.

To the extent Petitioner raised this claim in state court by arguing in the PCR that the imposition of presumptive sentences was an abuse of discretion in light of the substantial mitigating factors and the fact that Petitioner's prior conviction was already a factor in the enhanced sentencing equation, the court of appeals held this claim was precluded under Ariz.R.Crim.P. 32.2(a) because Petitioner could have raised it on direct appeal.  (Doc. 10, Ex. J, at ¶ 4) Significantly, the Ninth Circuit has held that Arizona's procedural rules, including its timeliness rule, are "clear" and "well-established." *Simmons v. Schriro*, 187 Fed. Appx. 753, 754 (9th Cir.2006); *see also Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir.1998) (addressing Arizona's waiver rule); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir.1997) (same); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir.1996) (same); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir.1992) (same). Therefore, because Petitioner's claim was procedurally defaulted on independent

and adequate state law grounds, the Court will not review it. *See Coleman*, 501 U.S. at 729, ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.")

Petitioner cites ineffectiveness of his appellate counsel as cause for his default at the state level, as Petitioner feels that counsel should have presented the issue on direct appeal rather than appealing only his procedurally barred motion for a new trial. (Doc. 1, p. 7)

A petitioner claiming ineffectiveness of counsel as cause for a default must first exhaust the issue as a separate claim in the state court. *Carrier*, 477 U.S. at 488-89. Although Petitioner presented the issue as cause to the trial court in his motion for post-conviction relief, he did not raise it in his petition for review to the court of appeals from the trial court's denial of his PCR. (Doc. 10, Ex. I) Because he did not present the issue to the Arizona Court of Appeals, he did not exhaust the state remedies on this ground. Petitioner therefore cannot rely on an ineffective assistance of counsel claim as grounds to establish cause for his procedural default of Ground Two.

Petitioner also argues in his reply that this issue was raised by PCR counsel as an ineffectiveness claim by sentencing counsel, but that PCR counsel "fell short in her presentation." (Doc. 11, p.8) Petitioner argues that a conflict of interest between his PCR counsel, Deputy Public Defender Kristine Maish, and his sentencing counsel, "Attorney Armstrong of the Pima County Public Defender's Office," precluded PCR counsel from

making a proper IAC claim because of Maish and Armstrong's shared status as Pima County Public Defenders.  (Doc. 11, pp. 8-10)

Ordinarily, because there is no constitutional right to an attorney in state post-conviction proceedings, *see Coleman*, 501 U.S. at 752, ineffective representation in post-conviction proceedings does not constitute cause for procedural default.  *See Ortiz*, 149 F.3d at 933.  Where petitioner has no right to counsel, an allegation of a denial of the Sixth Amendment right to counsel through a conflict of interest is ordinarily unavailable to establish cause.  *See Nevius v. Sumner*, 105 F.3d 453, 459 (9th Cir. 1996); *Bonin v. Calderon*, 77 F.3d 1155 (9th Cir. 1996); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996).  The Ninth Circuit has recognized, however, that a clear conflict of interest independent of an ineffectiveness claim may be sufficient to constitute cause and potentially excuse a procedural default in those situations in which it causes an attorney to "interfere with the petitioner's right to pursue his habeas claim."  *Manning v. Foster*, 224 F.3d 1129, 1134 (9th Cir. 2000)(Remanding to determine if counsel's actions "effectively prevented [petitioner] from learning of and vindicating his right to petition for state post-conviction relief.")

Petitioner cannot establish cause through his allegation of conflict in this case for several reasons.  First, the facts demonstrated by the record do not establish that there was any conflict between PCR counsel and sentencing counsel.  The sentencing minute entry indicates that Petitioner was represented at sentencing by private counsel, Rodolfo Valenzuela, not Bradley Armstrong.  (Doc. 10, Ex. K) Moreover, the petition for review

indicates that not only did Bradley Armstrong not represent Petitioner at sentencing, but that Mr. Armstrong was also privately retained, as was Rodolfo Valenzuela, and Petitioner's other trial counsel, Rafael Gallegos.  (Doc. 10, Ex. E)

Second, Petitioner was not precluded from filing a PCR petition, thus, Petitioner cannot establish cause for the default of ineffectiveness claims where the same allegedly ineffective attorney (or office) represented the petitioner in post-conviction proceedings. *See e.g. Smith v. Ryan*, 2010 WL 1924941 (D.Ariz. May 11, 2010) (No cause for default where petitioner was not precluded from filing a PCR petition, and petitioner had not presented any evidence that he was affirmatively misled about his PCR options, or that counsel intentionally interfered with his access to post-conviction relief in order to protect fellow public defender from any damage that might result from a successful ineffectiveness claim.)

Finally, even if Petitioner could demonstrate cause for failing to exhaust a claim of ineffective assistance of counsel at the sentencing phase, Petitioner has not set forth the factual or legal basis for a claim of ineffective assistance of sentencing counsel in this habeas petition.

Because Petitioner presents no cause for the default nor has he demonstrated that a fundamental miscarriage of justice would occur if federal review of this claim is barred, the Magistrate Judge recommends that the District Court, after its independent review, dismiss Ground Two.

**C.     Ground Three**

The final ground upon which Petitioner seeks relief is that he received ineffective assistance of appellate counsel, in violation of his rights under the 6th Amendment (Doc. 1, p. 8), through appellate counsel's failure to raise the issue of an excessive sentence; instead, proceeding on an issue for which no jurisdiction existed.[1]

Petitioner first presented this issue to the trial court in his motion for post-conviction relief. (Doc. 10, Ex. E) After the trial court denied the claim on the merits, Petitioner did not raise the issue to the Arizona Court of Appeals when seeking review of that decision. (Doc. 10, Ex. I) The state has declared review by the Arizona Court of Appeals sufficient to constitute exhaustion of state remedies for defendants who do not face sentences of life imprisonment or death. *Swoopes,* 196 F.3d at 1010 (discussing *State v. Shattuck*, 684 P.2d 154 (Ariz. 1984)). Petitioner has therefore not exhausted this claim at the state level.

When a state prisoner has failed to fairly present a claim to the state court, it is the role of the federal court to determine if he has any available remaining remedies in state court. *See Harris v. Reed*, 489 U.S. 255, 268 (O'Connor, J., concurring). The question is whether "there is some reasonable probability that (state) relief … will actually be available." *Matias v. Oshiro*, 683 F.2d 318, 320 (9th Cir. 1982)(citing *Powell v. Wyrick*,

---

[1] Petitioner also argues in his Reply that four additional issues should have been raised by post-trial counsel (though he does not specifically indicate whether these issues should have been raised by appellate or PCR counsel). (Doc. 11, at 12-14) No such claim is made in the Petition, and the Court will not address new grounds for relief raised for the first time in a reply brief. *Delgadillo v. Woodford,* 527 F.3d 919, n.4 (9th Cir. 2008)("Arguments raised for the first time in petitioner's reply brief are deemed waived.")(citing *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007)).

657 F.2d 222, 224 (8th Cir. 1981)). In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 PCR, with the exception of certain claims which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2. Moreover, a state post-conviction action is futile when it is timebarred. *Beaty v. Stewart*, 303 F.3d 975, 987(9th Cir.2002); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir.1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona PCR, distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

Because Petitioner's right to direct review has concluded, he would have to present Ground Three to the state courts in a petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to present this issue in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1 and 32.4(a), and precluded, Rule 32.2. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192

Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). These claims, therefore, are procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Accordingly, the Court need not reach the merits of Petitioner's Ground Three unless he can either show cause and prejudice or a fundamental miscarriage of justice. Proof of cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded" his compliance with the state rule. *Id.* at 72. In this case, Petitioner does not assert any basis to overcome the procedural bar. Petitioner's *pro se* status and ignorance of the law do not satisfy the cause standard. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986). Where petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice. Petitioner also fails to establish that failure to consider his claims would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. at 327.

Because Petitioner presents no cause for the default nor has he demonstrated that a fundamental miscarriage of justice would occur if federal review of this claim is barred, the Magistrate Judge recommends that the District Court, after its independent review, dismiss Ground Three.

### D. Claims First Raised in Petitioner's Reply

Petitioner raises two additional claims in his reply brief. These claims were not raised in the Petition, and the Court will not address new grounds for relief raised for the first time in a reply brief. *Delgadillo v. Woodford,* 527 F.3d 919, n.4 (9th Cir. 2008)("Arguments raised for the first time in petitioner's reply brief are deemed waived.")(citing *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007)).

Furthermore, these claims are non-cognizable. Specifically, Petitioner alleges violations of his rights under the Equal Protection Clause of the 14th Amendment by Pima County prosecutors and Sheriff's officers (Doc. 11, pp. 3-4) as well as violations of his rights under the 5th, 6th, and 14th Amendments by Immigration and Naturalization Service. *Id.* at 4-6. In the former, Petitioner claims that Pima County officials discriminated against him by releasing him to the federal government for deportation because of his limited English skills and ethnicity. *Id.* at 3-4. In the latter, he claims that he was improperly held by immigration authorities and then faced a removal hearing without an attorney. *Id.* at 4-6. A state prisoner's habeas corpus remedies are limited to "only… the ground that he is in custody in violation of the Constitution or laws or treaties of the Unites States." 18 U.S.C. § 2254(a). Petitioner's claims do not challenge his present custody, trial or sentencing. They instead challenge treatment he endured leading up to an alleged deportation to Mexico. Because these claims are outside the scope of § 2254, they should not be considered by this court in the present action.

**IV. Conclusion**

The Magistrate Judge recommends that the District Court DISMISS Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 10-0542-TUC-FRZ**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 8th day of August, 2011.


_____
Bernardo P. Velasco
United States Magistrate Judge