**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Bustos Ramos, | No. CV-10-00542-TUC-FRZ (BPV) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, Director of the Arizona Department of Corrections; and the Attorney General of the State of Arizona, | |
| Respondents. | |

In October 2005, Adam Ramos was indicted on charges of aggravated driving under the influence of alcohol with a suspended license. He was convicted of the offenses in February 2007, after a two-day jury trial from which he was absent. He presently is serving concurrent ten-year prison sentences in an Arizona state prison.

Ramos commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The petition asserts three grounds for relief: denial of the right to be present at trial, violation of due process in connection with the sentencing, and ineffective assistance of counsel. *Id.* at 6-8. Respondents have filed an answer to the petition, and Petitioner has filed a reply. Docs. 10, 11.

United States Magistrate Judge Bernardo Velasco has issued a report and recommendation ("R&R") that the petition be dismissed. Doc. 12. Petitioner has filed an objection. Doc. 13. For reasons that follow, the Court will accept the R&R and dismiss the petition.

**I.    Standard of Review.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court may grant Petitioner habeas relief only where he shows that the state court's decision (1) was contrary to, or involved an objectively unreasonable

application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. The AEDPA "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citation omitted). The Court therefore must "avoid applying [the] AEDPA in a manner that displays 'a lack of deference to the state court's determination and an improper intervention in state criminal processes.'" *John-Charles v. California*, 646 F.3d 1243, 1253 (9th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 787).

With respect to the R&R, the parties may file written objections to the Magistrate Judge's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II.     Discussion.**

The R&R thoroughly addresses the underlying state court proceedings and decisions and the grounds for relief raised in the habeas petition. Doc. 12. The Magistrate Judge finds each ground for relief to be procedurally defaulted. The first ground – that is, the alleged denial of the right to be present at trial – was raised before the Arizona court of appeals but dismissed for lack of jurisdiction. *Id.* at 9-12. The alleged due process violation asserted in ground two is barred under the state criminal rules of procedure because Petitioner failed to raise the claim on direct appeal. *Id.* at 12-16. Petitioner failed to exhaust in state court the ineffective assistance of counsel claim asserted in ground three, and the claim is now procedurally defaulted. *Id.* at 17-19. Because Petitioner presents no cause for the default and otherwise has not shown that a fundamental miscarriage of justice would occur if federal review is barred, the Magistrate Judge recommends that all three grounds for relief be dismissed. *Id.* at 12, 16, 19. With respect to the discrimination and equal protection claims asserted by Petitioner for the first time in his reply brief, the Magistrate Judge finds those

1  claims to be untimely and otherwise not cognizable. *Id.* at 20.

2  Petitioner's objection, even when liberally construed in his favor, is nothing more than
3  a general objection to the R&R as a whole. Petitioner challenges none of the specific factual
4  and legal findings made by the Magistrate Judge. Instead, he asserts that issues concerning
5  blood alcohol tests should have been raised before trial, that his counsel told him in 2005 that
6  the criminal case had been dismissed, that he was deported to Mexico under a different name,
7  that counsel was to have the trial postponed so he would not be tried in absentia, and that he
8  received ineffective assistance of counsel in connection with his direct appeal. Doc. 13.
9  These assertions, some of which previously were made in the habeas petition, do not
10 challenge or otherwise address the Magistrate Judge's findings and recommendations that
11 Petitioner's grounds for habeas relief be dismissed as procedurally defaulted.

12 The Court will deem Petitioner's general objection to the R&R ineffective. This
13 ruling comports with the clear language of Rule 72(b). Under that rule, the district judge
14 must determine de novo those portions of the R&R that have been "properly objected to."
15 Fed. R. Civ. P. 72(b)(3). A proper objection under Rule 72(b) requires the petitioner to make
16 not a general objection to the R&R as a whole, but "*specific* written objections to the
17 proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added).

18 Deeming the general objection ineffective also is consistent with the fundamental
19 congressional policy underlying the Federal Magistrates Act, 28 U.S.C. § 631-39, that is,
20 "to improve access to the federal courts and aid the efficient administration of justice[.]"
21 *Thomas v. Arn*, 474 U.S. 140, 145 (1985). In passing the Act, "'Congress intended
22 magistrates to play an integral and important role in the federal judicial system.'" *United*
23 *States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) (citation omitted). Magistrates
24 fulfill that duty in large part by submitting to district judges "proposed findings of fact
25 and recommendations for the disposition" of motions and habeas petitions. 28 U.S.C.
26 § 636(b)(1)(B).

27 In short, an obvious purpose of Rule 72(b) and the Magistrates Act, 28 U.S.C. § 636,
28 "is judicial economy – to permit magistrate judges to hear and resolve matters not

1  objectionable to the parties." *Berger v. Ryan*, No. CV-09-2689-PHX-DGC (MHB), 2011
2  WL 3875853, at *2 (D. Ariz. Sept. 2, 2011).  "This efficiency would be lost if parties were
3  permitted to invoke the de novo review of the district court merely by interposing general,
4  non-specific objections to the magistrate's R&R." *Sullivan v. Schriro*, No. CV-04-1517-
5  PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).  Because complete de novo
6  review of an R&R defeats the efficiencies intended by Congress, Petitioner's "general
7  objection 'has the same effect as would a failure to object.'" *Berger*, 2011 WL 3875853,
8  at *2 (citation omitted); *see also Thomas*, 474 U.S. at 149 (no review at all is required for
9  "any issue that is not the subject of an objection"); *Reyna-Tapia*, 328 F.3d at 1121 (same).

10 **III.   Conclusion.**

11      Petitioner has not shown, and the Court does not otherwise find, that the Magistrate
12 Judge erred, either factually or legally, in finding that the grounds for relief asserted in the
13 habeas petition are procedurally defaulted and therefore should be dismissed.  The Court will
14 accept the R&R and dismiss the petition.  *See Sullivan*, 2006 WL 1516005, at *2 (accepting
15 R&R without de novo review and deeming objection ineffective where it did not challenge
16 any specific portion of the R&R but instead reasserted arguments made in the petition).
17 Petitioner's request for a certificate of appealability (Doc. 13 at 4) will be denied because
18 he has made no substantial showing of the denial of a constitutional right.  *See* 28 U.S.C.
19 § 2253(c)(2); *Berger*, 2011 WL 3875853, at *6.

20      **IT IS ORDERED:**

21      1.   The Magistrate Judge's report and recommendation (Doc. 12) is **accepted**.

22      2.   The petition for writ of habeas corpus (Doc. 1) is **dismissed**.

23      3.   A certificate of appealability is **denied**.

24      4.   The Clerk is directed to **terminate** this action.

25      DATED this 15th day of May, 2012.

Frank R. Zapata
Senior United States District Judge